# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

BARRY MORRIS (N-42509), )
)
        Petitioner, )
)
v. )   Case No. 16 C 10243
)
JEFFREY HUTCHINSON, )
)
        Respondent. )

## MEMORANDUM OPINION AND ORDER

Barry Morris ("Morris"), who is now serving a state sentence of an aggregate 71 year term based on his convictions of first-degree murder, home invasion and aggravated unlawful restraint, has just filed a self-prepared 28 U.S.C. § 2254[1] Petition for Writ of Habeas Corpus ("Petition") that charges he received ineffective assistance of trial counsel when his lawyer did not raise a defense of insanity. Although Morris' conviction goes back just over 11 years (the Petition lists his date of conviction as October 14, 2005), it appears that the length of time involved in addressing his direct appeal and his state post-conviction petition that had raised the same ineffective assistance issue has made his current Section 2254 filing timely in terms of the standard set by Section 2244(d)(1) -- he has attached to the Petition (1) a copy of the order of the Illinois Appellate Court for the First District dated November 20, 2015 in its Case No. 1-13-1008 (reported at 2015 IL App (1st) 131008-U) and (2) a copy of the May 25, 2016 order from the Illinois Supreme Court in its Case No. 120536, denying Morris' petition for leave to appeal.

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

This Court has conducted a detailed preliminary review as called for by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"). It finds that the careful and comprehensive analysis conducted by the Illinois Appellate Court properly applied the standard prescribed by the seminal opinion in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) in conducting a thorough consideration of the issues involved here. Indeed, the extended treatment of the applicable standard of federal review as set out in <u>Ben-Yisrayl v. Buss</u>, 540 F.3d 542, 546, 547-48 (7th Cir. 2008) (numerous case citations omitted) could well have been written for this case:

> Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), we[2] may grant habeas relief only if the state court's "decision was contrary to, or involved an unreasonable application of, Supreme Court precedent," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). Under the "contrary to" clause of § 2254(d)(1), the habeas petitioner must show that the state court's decision "applie[d] a rule that contradicts the governing law set forth in [Supreme Court] cases" or if the court "decides a case differently than [the Supreme Court] has done on a set of materially indistinguishable facts." Under the "unreasonable application" clause, a petitioner must show that the state court's decision unreasonably extended a rule to a context where it should not have applied or unreasonably refused to extend a rule to a context where it should have applied.
>
> As a general matter, under post-AEDPA habeas law, we defer to a great extent to the decisions of the state courts, and review these decisions for reasonableness only.
>
> \*   \*   \*
>
> The Indiana Supreme Court examined <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), in evaluating Ben-Yisrayl's claim of ineffective assistance. To succeed under <u>Strickland</u>, as the Indiana Supreme Court understood, one must show that trial counsel's performance fell below an objective standard of reasonableness and

---

[2] As <u>Ben-Yisrayl,</u> <u>id.</u> stated, the Court of Appeals would review this Court's denial of the Petition de novo.

that prejudice resulted. For the first prong, review of trial counsel's performance "must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." A petitioner must overcome the "presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Again, for the purposes of our review, the state court's application of these principles must be objectively unreasonable and not merely erroneous.[3]

With Strickland, as admirably explained and applied in Ben-Yisrayl, serving as the polestar for charting the line of analysis of Morris' case, it would be an act of supererogation simply to repeat or echo the Illinois Appellate Court's analysis. Any informed jurist reading that court's opinion would find it unnecessary to repeat it, rather than simply to say that the Appellate Court had it dead right. This Court so holds.

In summary, "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court" (to quote from Section 2254 Rule 4), so that this Court "must dismiss the petition" (id.). This Court does so, and as a final step it denies a certificate of appealability (see Section 2254 Rule 11(a)), and Morris is advised that this denial may not be appealed, but he may seek a certificate from our Court of Appeals under Fed. R. App. P. 22.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 8, 2016

---

[3] [Footnote by this Court] Because the Illinois Appellate Court correctly held that Morris' state post-conviction petition "fails to make a substantial showing that trial counsel's representation was objectively unreasonable," it found it "unnecessary to consider whether defendant was prejudice by counsel's performance." For that reason, the text's quotation from Ben-Yisrayl has omitted the portion of that opinion that addressed the standard established by Strickland and its progeny on the "prejudice" issue.