# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BARRY MORRIS (N-41509), | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 16 C 10243 |
| JEFFREY HUTCHINSON, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM ORDER

This Court's November 8, 2016 memorandum opinion and order (the "Opinion") dismissed the self-prepared 28 U.S.C. § 2254 ("Section 2254") Petition for a Writ of Habeas Corpus ("Petition") in which Barry Morris ("Morris") charged that he had received ineffective assistance of trial counsel when his lawyer did not raise a defense of insanity. Now Morris has come forward with another self-prepared filing, this time captioned "Motion for Relief from a Judgment or Order" (the "Motion"). Because that filing reflects a total misunderstanding on Morris' part as to the proper judicial treatment of a Section 2254 Petition,[1] this memorandum order is issued to clear up Morris' misunderstanding.

Most conventional federal court complaints are governed by the Federal Rules of Civil Procedure ("Rules"), in particular (1) Rule 8(a), which specifies what pleading is required as to a civil "claim for relief," and (2) Rule 8(b), which defines the responsive obligations of a defendant in a civil case. By contrast, Section 2254 Petitions are the subject of a special set of

---

[1] This is not said by way of criticism, for the special statutory and rule provisions applicable to Section 2254 Petitions are quite understandably outside the expected range of knowledge on the part of a non-lawyer prisoner plaintiff.

"Rules Governing Section 2254 Cases in the United States District Courts" (the "Section 2254 Rules"), with Section 2254 Rule reading in relevant Part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

It was pursuant to Section 2254 Rule 4's directive that this Court promptly "conducted a detailed preliminary review" (Opinion at 2) of the Petition and measured it alongside our Court of Appeals' opinion in Ben-Yisrayl v. Buss, 540 F.3d 542, 546, 547-48 (7th Cir. 2008).

Because the latter opinion had dealt with a Section 2254 claim of ineffective assistance of counsel in the light dictated by Strickland v. Washington, 466 U.S. 668 (1984), just as the Illinois Appellate Court had done in Morris' case, the Opinion quoted at length from Ben-Yisrayl. And as Opinion at 2 stated with total accuracy, that opinion "could well have been written for this case."

So Morris' current Motion is based on a total misapprehension of the appropriate judicial handling of a Petition such as the one that he filed. And lest he also misunderstand how well established the principles stated in Ben-Yisrayl are, this Court has again reviewed a host of other cases that reconfirm and apply the identical principles. By way of example, in an effort to dispel any possible notion that Morris' Petition was subjected by this Court to anything other than a universally applicable doctrine exemplified by Ben-Yisrayl, this memorandum order has attached two pages of a later Seventh Circuit opinion (Campbell v. Smith, 770 F.3d 540, 546-47 (7th Cir. 2014).

In summary, Morris' current Motion is denied as totally without merit in law. This Court will not, as he seeks, vacate either the Opinion or its order dismissing his Section 2254 Petition.

                                              _____
                                              Milton I. Shadur
Date: December 23, 2016                   Senior United States District Judge

~~and (2) whether Campbell received ineffective assistance of counsel because his lawyer failed to object to the prosecutor's alleged breach.~~

## II. Analysis

[1] Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), we may grant a writ of habeas corpus on a claim that a state court has adjudicated on the merits if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Lopez v. Smith,* No. 13–946, —— U.S. ——, 135 S.Ct. 1, 2, 190 L.Ed.2d 1, 2014 WL 4956764, at *1 (U.S. Oct. 6, 2014) (per curiam). "If no state court has squarely addressed the merits of a habeas claim, we review the claim *de novo* under the pre-AEDPA standard of 28 U.S.C. § 2243," *Ruhl v. Hardy,* 743 F.3d 1083, 1091 (7th Cir.2014), disposing of the claim "as law and justice require," *Harris v. Thompson,* 698 F.3d 609, 623 (7th Cir.2012) (internal quotation mark omitted), *cert. denied,* —— U.S. ——, 133 S.Ct. 2766, 186 L.Ed.2d 218 (2013).

[2] We review *de novo* the district court's denial of a § 2254 petition. *Ford v. Wilson,* 747 F.3d 944, 949 (7th Cir.2014). "[A]lthough we technically hear this appeal from the district court," *id.,* we focus on "'the decision of the last state court to rule on the merits of the petitioner's claim,'" *id.* (quoting *McNary v. Lemke,* 708 F.3d 905, 913 (7th Cir.), *cert. denied,* —— U.S. ——, 134 S.Ct. 136, 187 L.Ed.2d 96 (2013)). Here, that was the Wisconsin Court of Appeals' decision denying Campbell's petition, a decision that we review with deference. *Harris v. Hardy,* 680 F.3d 942, 948 (7th Cir.2012).

[3–5] A state court decision "unreasonably applies federal law if the 'court identifies the correct governing legal rule ... but unreasonably applies it to the facts of the particular state prisoner's case.'" *McNary,* 708 F.3d at 913 (citations omitted). An "unreasonable application of" federal law means "objectively unreasonable, not merely wrong; even 'clear error' will not suffice." *White v. Woodall,* —— U.S. ——, 134 S.Ct. 1697, 1702, 188 L.Ed.2d 698 (2014) (quoting *Lockyer v. Andrade,* 538 U.S. 63, 75–76, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003)). "[A] state prisoner must show that the state court's ruling on the claim ... was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter,* 562 U.S. 86, 131 S.Ct. 770, 786–87, 178 L.Ed.2d 624 (2011). When reviewing a state court decision under § 2254(d)(1), "we presume that the court's factual determinations are correct unless [the petitioner] rebuts the presumption by clear and convincing evidence." *Newman v. Harrington,* 726 F.3d 921, 928 (7th Cir.2013) (internal quotation marks omitted).

[6, 7] Campbell argues that the state court unreasonably applied *Santobello* and *Strickland.* Under *Santobello,* "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled," 404 U.S. at 262, 92 S.Ct. 495. Thus, a prosecutor's breach of a plea agreement can be actionable. *See id.* at 263, 92 S.Ct. 495. However, if the breach is insubstantial, immaterial, technical, or cured, then the defendant is entitled to no relief. *See United States v. Diaz–Jimenez,* 622 F.3d 692, 694 (7th Cir.2010); *Hartjes v. Endicott,* 456 F.3d 786, 790 (7th Cir.2006).

[8, 9] Under *Strickland*, a defendant "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687, 104 S.Ct. 2052. A defendant also "must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* Both showings must be made; a failure of proof as to either one will defeat the claim. *Id.*

[10] When a petitioner challenges a state court's application of *Strickland* under § 2254(d), our review is "doubly" deferential as to issues decided by the state court. *Richter*, 131 S.Ct. at 788. Unreasonableness under *Strickland* must not be equated with unreasonableness under § 2254(d). *Id.* "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

[11] Because defense counsel did not object to the prosecutor's failure to make the recommendation of five to seven years' initial confinement and did not object to any of the prosecutor's sentencing arguments, the habeas petition seeks relief for alleged ineffective assistance of counsel rather than a due process violation or breach of the plea agreement. Nonetheless, the *Santobello* issue is embedded in the *Strickland* analysis. The state court and the district court correctly decided that, if there was no breach, or if any breach was not material and substantial, defense counsel's failure to object was not ineffective assistance. Thus, we consider whether the state court unreasonably applied *Santobello* in deciding that the State did not materially and substantially breach the plea agreement.

Campbell asserts that the prosecutor breached the plea agreement in two ways: first, by failing to recommend initial confinement of five to seven years, and second, by undermining that recommendation with his arguments. The issue whether a prosecutor substantially and materially breached a plea agreement is a question of law. *See United States v. Kelly*, 337 F.3d 897, 901 (7th Cir.2003). As noted, a prosecutor's breach of a plea agreement can be actionable, *Santobello*, 404 U.S. at 263, 92 S.Ct. 495, but where the breach is insubstantial, immaterial, technical, or even cured, a defendant is entitled to no relief, *see Diaz–Jimenez*, 622 F.3d at 694–96; *Hartjes*, 456 F.3d at 790.

At the resentencing hearing, the prosecutor made a recommendation that Campbell receive a twenty-year sentence but neglected to recommend an initial confinement term of five to seven years. We have stated that "subsequent actions by the prosecution can justify an inference that the [prosecutor's breach of a plea agreement] was indeed harmless." *Diaz–Jimenez*, 622 F.3d at 696; *see also Hartjes*, 456 F.3d at 792 (the prosecutor's misstatement at sentencing that additional charges had been "read in," meaning that the court could deem them as admitted, was corrected by defense counsel who clarified that the defendant denied the other charges). During his argument, Campbell's counsel reminded the court that the plea bargain in the case was for five to seven years in confinement and the balance of the twenty years on extended supervision. Significantly, the prosecutor did not object. Had he disagreed with such a recommendation, one would have expected him to speak up. While the prosecutor did not take affirmative action to cure the alleged breach, the prosecu-