IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BARRY MORRIS (N-42509), )
  )
        Petitioner, )
  )
   v. ) Case No. 16 C 10243
  )
JEFFREY HUTCHINSON, )
  )
        Respondent. )

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Barry Morris ("Morris") initiated this action by filing a self-prepared 28 U.S.C. § 2254[1] Petition for Writ of Habeas Corpus ("Petition") that asserted he had received ineffective assistance of trial counsel when the lawyer defending him against charges of first-degree murder, home invasion and aggravated unlawful restraint did not raise a defense of insanity. This Court promptly conducted a detailed preliminary review as called for by Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts ("Section 2254 Rules") and then promptly denied the Petition in a November 8, 2016 memorandum opinion and order, followed by a brief one-page supplement issued later the same day. When Morris then tendered another self-prepared filing that this Court viewed as "reflect[ing] a total misunderstanding on Morris' part as to the proper judicial treatment of a Section 2254 Petition," this Court issued a brief December 23 memorandum order that denied Morris' motion "as totally without merit in law."

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

Now the indefatigable Morris, as if to emulate the Energizer Bunny, has submitted three new self-prepared filings earlier this month:

1. a Motion Requesting Recusal (Dkt. No. 15), received in the Clerk's Office on January 3,

2. a Motion To Alter or Amend Judgment (Dkt. No. 16), received in the Clerk's Office on January 9, and

3. a Motion To Dismiss Action Pursuant To Rule 41 (Dkt. No. 18), also received in the Clerk's Office on January 9.

Because Morris' reference to Fed. R. Civ. P. 41 discloses a lack of understanding as to the purview of that Rule as well, this Court will deal with the substance of Morris' Dkt. No. 18 motion rather than with its mistaken label. Because that motion seeks the "dismissal" of the Dkt. No. 15 motion, the Dkt. No. 18 motion is treated as granted, effectively causing a withdrawal of the Dkt. No.1 5 motion.

That leaves for consideration only Morris' Dkt. No. 16 motion, and as always Morris has totally misapprehended his situation. In the perhaps futile hope that a brief further explanation will turn off the figurative Morris spigot, here is the story:

1. Even apart from the fact that Morris' earlier Dkt. No. 12, the Motion for Relief from a Judgment or Order that had been received in the Clerk's Office on December 12, 2016, failed to state any viable claim for relief in the provisions he identified in his motion (Rule 60(b)(3), (4) or (6)), Rule 60(c)(2) expressly states:

    Effect on Finality. The motion does not affect the judgment's finality or suspend its operation.

That being the case, this Court's November 8, 2016 opinion dismissing Morris' Section 2254 Petition is not only final but is also nonappealable by this time.

2. Morris' current effort to call Rule 59(e) to his aid in his current Dkt. No. 16 motion is an effort at bootstrapping, and it is rejected by this Court.

In sum, Morris is totally intransigent in his effort to flout the applicability of the cases from our Court of Appeals and other authorities to which this Court has referred in its earlier orders. Hence Morris' Dkt. No. 16 is denied as legally frivolous, and this Court has decided that Morris' repeatedly nonmeritorious motions justify a refusal to entertain any further filings by him in this case. Instead the Clerk's Office is instructed to return to Morris -- unfiled -- any further submissions received from him.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 23, 2017