# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **BARRY MORRIS** (N-42509), ) | |
| ) | |
| Petitioner-Appellant, ) | |
| ) | USCA Case No. 17-1761 |
| v. ) | (Dist. Ct. Case No. 16 C 10243) |
| ) | |
| **JACQUELINE LASHBROOK**, ) | |
| ) | |
| Respondent-Appellee. ) | |

## MEMORANDUM ORDER

This Court has just received from our Court of Appeals its April 13, 2017 order that transferred to this District Court the motion of pro se appellant Barry Morris ("Morris") for leave to appeal in forma pauperis ("IFP"). Although Morris' Application To Proceed Without Prepayment of Fees (the "Application") and its accompanying printout that reported transactions in his trust fund account have clearly demonstrated his financial inability to pay the $505 in appellate filing fees, that does not appear to this Court to support the granting of IFP status. Instead, from this Court's perspective a review of Morris' litigation history in this case plays a critical role in that decision.

Initially, despite the more than 11 year period that had elapsed between Morris' October 2005 conviction and the 2016 filing date of his self-prepared 28 U.S.C. § 2254[1] Petition for Writ of Habeas Corpus ("Petition"), this Court's promptly issued November 8, 2016 memorandum opinion and order ("Opinion I") found that the Petition had been timely filed.[2]

---
[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

[2] Later that same day this Court learned from the case docket that Morris had also filed an IFP Application and a Motion for Attorney Representation ("Motion"). As to the former,
(continued)

But as for substance, this Court conducted a detailed preliminary review of the Petition as called for by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"), and stated succinctly in Opinion I:

> It finds that the careful and comprehensive analysis conducted by the Illinois Appellate Court properly applied the standard prescribed by the seminal opinion in Strickland v. Washington, 466 U.S. 668 (1984) in conducting a thorough consideration of the issues involved here.

In doing so, this Court characterized our Court of Appeals' opinion in Ben-Yisrayl v. Buss, 540 F.3d 542, 546, 547-48 (7th Cir. 2008) as having correctly stated and applied the standard of federal review and quoted a portion of the opinion in that action that "could well have been written for this case." Accordingly Opinion I concluded by (1) dismissing the Petition in accordance with Section 2254 Rule 4, (2) denying a certificate of appealability (citing Section 2254 Rule 11(a)) and (3) advising Morris that he could seek such a certificate from the Court of Appeals under Fed. R. App. P. 22.

Not content with that result, Morris tendered still another self-prepared filing that he captioned "Motion for Relief from a Judgment or Order." This Court promptly issued a December 23, 2016 memorandum order that explained Morris' misapprehension as to the appropriate judicial treatment of a Section 2254 Petition and went on (1) to refer once again to the Ben-Yisrayl case and (2) to attach two pages of a later Seventh Circuit opinion (Campbell v. Smith, 770 F.3d 540, 546-47 (7th Cir. 2014)) that stood for the identical proposition and further supported dismissal of the Petition.

---

(footnote continued)
Morris was obviously unaware that this District Court's filing fee for a Section 2254 action is only $5, so its brief supplement to Opinion I denied that motion. And as for the Motion, the denial of the petition as described in the ensuing text of this memorandum order caused that Motion to be denied as moot in the same supplement.

Much like the unsuccessful lawyer advocate who simply awaits his opportunity to speak again rather than listening to what has been said to him, in January of this year Morris submitted not one but three new self-prepared filings:

1. a Motion Requesting Recusal (Dkt. No. 15), received in the Clerk's Office on January 3,

2. a Motion To Alter or Amend Judgment (Dkt. No. 16), received in the Clerk's Office on January 9, and

3. a Motion To Dismiss Action Pursuant To Rule 41 (Dkt. No. 18), also received in the Clerk's Office on January 9.

Those filings again disclosed Morris' lack of understanding but also, importantly, came too late to prevent the finality and nonappealability of the original judgment of dismissal of the Petition. Accordingly this Court issued another opinion on January 23 ("Opinion II," a copy of which is attached), which concluded in this fashion:

> In sum, Morris is totally intransigent in his effort to flout the applicability of the cases from our Court of Appeals and other authorities to which this Court has referred in its earlier orders. Hence Morris' Dkt. No. 16 is denied as legally frivolous, and this Court has decided that Morris' repeatedly nonmeritorious motions justify a refusal to entertain any further filings by him in this case. Instead the Clerk's Office is instructed to return to Morris -- unfiled -- any further submissions received from him.

In summary, then, this Court believes that Morris' current appeal is also legally frivolous, and would deny him IFP status on that ground. Morris may seek a review of that determination by the Court of Appeals.

                                                    _____
                                                    Milton I. Shadur
                                                    Senior United States District Judge

Date: April 18, 2017

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **BARRY MORRIS** (N-42509), ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 16 C 10243 |
| ) | |
| **JEFFREY HUTCHINSON**, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

  Pro se plaintiff Barry Morris ("Morris") initiated this action by filing a self-prepared 28 U.S.C. § 2254[1] Petition for Writ of Habeas Corpus ("Petition") that asserted he had received ineffective assistance of trial counsel when the lawyer defending him against charges of first-degree murder, home invasion and aggravated unlawful restraint did not raise a defense of insanity. This Court promptly conducted a detailed preliminary review as called for by Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts ("Section 2254 Rules") and then promptly denied the Petition in a November 8, 2016 memorandum opinion and order, followed by a brief one-page supplement issued later the same day. When Morris then tendered another self-prepared filing that this Court viewed as "reflect[ing] a total misunderstanding on Morris' part as to the proper judicial treatment of a Section 2254 Petition," this Court issued a brief December 23 memorandum order that denied Morris' motion "as totally without merit in law."

---

  [1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

Now the indefatigable Morris, as if to emulate the Energizer Bunny, has submitted three new self-prepared filings earlier this month:

1. a Motion Requesting Recusal (Dkt. No. 15), received in the Clerk's Office on January 3,

2. a Motion To Alter or Amend Judgment (Dkt. No. 16), received in the Clerk's Office on January 9, and

3. a Motion To Dismiss Action Pursuant To Rule 41 (Dkt. No. 18), also received in the Clerk's Office on January 9.

Because Morris' reference to Fed. R. Civ. P. 41 discloses a lack of understanding as to the purview of that Rule as well, this Court will deal with the substance of Morris' Dkt. No. 18 motion rather than with its mistaken label. Because that motion seeks the "dismissal" of the Dkt. No. 15 motion, the Dkt. No. 18 motion is treated as granted, effectively causing a withdrawal of the Dkt. No.1 5 motion.

That leaves for consideration only Morris' Dkt. No. 16 motion, and as always Morris has totally misapprehended his situation. In the perhaps futile hope that a brief further explanation will turn off the figurative Morris spigot, here is the story:

1. Even apart from the fact that Morris' earlier Dkt. No. 12, the Motion for Relief from a Judgment or Order that had been received in the Clerk's Office on December 12, 2016, failed to state any viable claim for relief in the provisions he identified in his motion (Rule 60(b)(3), (4) or (6)), Rule 60(c)(2) expressly states:

   <u>Effect</u> <u>on</u> <u>Finality.</u> The motion does not affect the judgment's finality or suspend its operation.

That being the case, this Court's November 8, 2016 opinion dismissing Morris' Section 2254 Petition is not only final but is also nonappealable by this time.

2. Morris' current effort to call Rule 59(e) to his aid in his current Dkt. No. 16 motion is an effort at bootstrapping, and it is rejected by this Court.

In sum, Morris is totally intransigent in his effort to flout the applicability of the cases from our Court of Appeals and other authorities to which this Court has referred in its earlier orders. Hence Morris' Dkt. No. 16 is denied as legally frivolous, and this Court has decided that Morris' repeatedly nonmeritorious motions justify a refusal to entertain any further filings by him in this case. Instead the Clerk's Office is instructed to return to Morris -- unfiled -- any further submissions received from him.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 23, 2017