# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **BARRY MORRIS** (N-42509), ) | |
| ) | |
| Petitioner-Appellant, ) | |
| ) | USCA Case No. 17-1761 |
| v. ) | (Dist. Ct. Case No. 16 C 10243) |
| ) | |
| **JACQUELINE LASHBROOK**, ) | |
| ) | |
| Respondent-Appellee. ) | |

## MEMORANDUM OPINION AND ORDER

On November 8, 2016 this Court issued a memorandum opinion and order (the "Opinion," Dkt. No. 7) that dismissed the self-prepared 28 U.S.C. § 2254[1] Petition for Writ of Habeas Corpus ("Petition") filed by Barry Morris ("Morris"), in which he "charge[d] he received ineffective assistance of trial counsel when his lawyer did not raise a defense of insanity."[2] As the Opinion stated at page 2:

> This Court has conducted a detailed preliminary review as called for by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"). It finds that the careful and comprehensive analysis conducted by the Illinois Appellate Court properly applied the standard prescribed by the seminal opinion in Strickland v. Washington, 466 U.S. 668 (1984) in conducting a thorough consideration of the issues involved here.

Then the Opinion at page 2 went on to state, before quoting at some length from the opinion of our Court of Appeals cited in the following sentence:

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

[2] Despite the fact that Morris' conviction dated back a full 11 years before he filed the Petition, the Opinion at page 1 explained that it was timely under Section 2244(d)(1).

Indeed, the extended treatment of the applicable standard of federal review as set out in Ben-Yisrayl v. Buss, 540 F.3d 542, 546, 547-48 (7th Cir. 2008) (numerous case citations omitted) could well have been written for this case.

Now Morris has taken an appeal and has applied for leave to do so in forma pauperis ("IFP"). As is customary in such situations, the Court of Appeals has referred that application to this District Court for its consideration. And because Morris' IFP application included deposits to his trust fund account at Menard Correctional Center ("Menard," where he is in custody) for only the first two months of the six-month period referred to in Section 1915(b)(1), this Court's able law clerk Jonathan Baker has obtained from Menard the information as to Morris' trust fund account deposits for the rest of the relevant six-month period.

Before this Opinion turns to the calculation called for by Section 1915, this Court states on the merits that it sees no reason to reconsider its original dismissal of the Petition or its denial of a certificate of appealability under Section 2254 Rule 11(a). Accordingly it respectfully recommends the denial of both Morris' Petition and his IFP application before the Court of Appeals.

But because the ultimate ruling on both those matters is necessarily to be made by the Court of Appeals, this Court has made the calculation prescribed by Section 1915. In that respect the average monthly deposits to Morris' trust fund account during the six-month period immediately preceding the August 2017 filing of his notice of appeal (Section 1915(b)(1)) came to $6.23, 20% if which (id.) is $1.25.[3] Accordingly Morris' obligation under Section 1915, unless our Court of Appeals determines otherwise, is to pay the entire $505 in appellate filing

---

[3] What the Menard records reflect is that the only deposits to Morris' trust fund account during that period were monthly amounts covering his prison payroll -- payments ranging from $2.72 to $9.86.

fees on a monthly installment basis, with the first required installment being $1.25 and the later payments being made monthly as prescribed in Section 1915(b)(2).

                                                        _____  
                                                        Milton I. Shadur  
                                                        Senior United States District Judge

Date: August 22, 2017